**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LANDMARK FINANCIAL SOLUTIONS,
LLC,

    Plaintiff,

v.                                          Case No: 8:14-cv-1463-T-30AEP

ANTHONY JEROME JONES, LYNDA
KEMP JONES, ARTHUR BERNARD
GILBERT, BRENDA ELAINE
GILBERT, SHOMARI SAEED GILBERT
and HOUSEHOLD FINANCE
CORPORATION, III,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon the Plaintiff's Verified Amended Motion for Final Default Judgment, Decree of Foreclosure and Order of Sale (Dkt. #27). This action was initiated by Plaintiff, Landmark Financial Solutions, LLC ("Landmark") seeking relief against Defendants Anthony Jerome Jones, Lynda Kemp Jones (collectively the "Jones Defendants"), Arthur Bernard Gilbert, Brenda Elaine Gilbert and Shomari Gilbert (collectively the "Gilbert Defendants") and Household Finance Corporation, III ("Household Finance") (together collectively referred to as the "Defendants"). The complaint refers to an obligation secured by a promissory note (the "Note") and Mortgage executed and delivered by the Jones Defendants to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Lending Center for $139,060.00 (the

"Instruments"). The Amended Complaint includes a count to foreclose on the property located at 4750 Emerson Avenue, Saint Petersburg, Florida 33711, (the "Property"), and a count for a breach of the Note. The Gilbert Defendants are named as tenants on the property and Household Finance is named as a junior lien holder.

The Clerk of Court entered a default against the Gilbert and Jones Defendants on October 8, 2014, and against Household Finance on October 21, 2014. On October 30, 2014, Landmark moved for entry of a default judgment against all Defendants, and amended its Motion on December 24, 2014, (Dkt. # 27).  The Court having considered the Amended Complaint, and all other pleadings and documents of record, is fully advised of the matter. Upon review and consideration it is the Court's conclusion that Landmark's Verified Amended Motion for Final Default Judgment, Decree of Foreclosure and Order of Sale should be granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Verified Amended Motion for Final Default Judgment, Decree of Foreclosure and Order of Sale (Dkt. #27) is GRANTED in part.

2. Plaintiff, Landmark Financial Solutions, LLC, is entitled to a Final Judgment of Foreclosure against all Defendants.

3. On the basis of the matters alleged in the Amended Complaint, and established by Plaintiff, Plaintiff is owed the following sums of money:

| | |
|---|---:|
| Principal due on the Note secured by the mortgage foreclosed | $123,986.71 |
| Interest at the rate of 7.94% on the Note | $7,639.23 |
| Late charges | $1,114.01 |
| Filing fee | $400.00 |

| | |
|---|---|
| Service costs<br>Anthony Jones $215.00<br>Household Finance $110.00<br>as to each of the other individual Defendants $145.00 | $470.00 |
| Total | $133,609.95 |

4. The total sum referenced in paragraph 3 shall bear interest from this date forward at the prevailing legal interest rate.

5. Plaintiff holds a first priority mortgage lien and security interest for the total sum set forth in paragraph 3 against the Property legally described as :

Lot 7, Block E, Victory Heights, According to the Plat thereof, as recorded in Plat Book 5, Page 84 of the Public Records of Pinellas County, Florida.

6. Plaintiff's lien in and upon the Property is superior in dignity to any right, title, interest, claim, lease, encumbrance or equity of Defendants, any and all persons, corporations or other entities claiming by, through or under Defendants and the Property will be sold free and clear of any claims whatsoever of Defendants.

7. Pursuant to Rule 53(a)(1)(c) of the Federal Rules of Civil Procedure, the Court appoints Mediation Firm Inc. and/or Attorney James Chaplin, Address: 401 East Las Olas Boulevard, Suite 1220, Fort Lauderdale, Florida 33301, Telephone: (954) 765-8000, www.mediationfirminc.com as Special Master to advertise and conduct the sale.

8. Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale. Plaintiff shall coordinate with the Special Master who shall sell the Property at a public sale in Pinellas County Courthouse, 545 1st Avenue North, Saint Petersburg, Florida, at the usual hour and location for public sale, to the

highest bidder for cash, following notice of the public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Pinellas County, Florida as required by 28 U.S.C. § 2002.

9. Plaintiff shall advance the cost of publishing the Notice of Sale and the Special Master's fee for conducting the sale of the Property and shall be reimbursed for them if Plaintiff is not the purchaser of the Property for sale.

10. Any third party successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise shall not be allowed to bid.

11. The balance of the purchase price of the Property shall be tendered by the successful bidder in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

12. If Plaintiff is the purchaser of the Property, the Special Master shall credit Plaintiff's bid with the total sum described in paragraph 3 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

13. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

14. Upon full compliance with the terms of the sale, the Special Master shall file a report of the sale with the Clerk of the Court, which is subject to confirmation by the Court.

15. Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Pinellas County, Florida.

16. Upon recording the Certificate of Title, the sale proceeds shall be distributed, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title, unless the Property is purchased by a third party bidder; third, the total sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of sale; and by retaining any remaining amount pending the further Order of this Court.

17. Upon recoding of the Certificate of Title, Defendants and all persons claiming by, through, under or against the Defendants since the filing of the Notice of *Lis Pendens* shall be forever barred and foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

18. The sale of the Property is made pursuant to 28 U.S.C. § 2001, *et seq.*, without the right of redemption.

19.     The Court retains jurisdiction for one year to enter orders that are proper, including orders of possession, distribution, attorney's fees and deficiency judgments against Anthony Jerome Jones and Lynda Kemp Jones.

20.     The Clerk is directed to terminate any pending motions as moot and close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1463 default judgment.docx

6