UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANDMARK FINANCIAL SOLUTIONS, LLC,

    Plaintiff,

v.                                        Case No: 8:14-cv-1463-T-30AEP

ANTHONY JEROME JONES, LYNDA KEMP JONES, ARTHUR BERNARD GILBERT, BRENDA ELAINE GILBERT, SHOMARI SAEED GILBERT and HOUSEHOLD FINANCE CORPORATION, III,

    Defendants.

## **ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Confirmation of Foreclosure Sale of the parcel of real property located at 4750 Emerson Avenue, Saint Petersburg, Florida 33711, and more fully described as follows:

> Lot 7, Block E, Victoria Heights, According to the plat thereof, as recorded in Plat Book 5, Page 84 of the Public Records of Pinellas County, Florida.

The property was sold via public sale, as required by this Court's previous order (Dkt. 29), on March 16, 2015. Plaintiff purchased the property for the nominal price of $100.00. The Court has reviewed the record and the motion and finds that the sale was legally and properly conducted. The motion, to the extent it seeks confirmation of this sale, will be granted.

The motion also seeks a deficiency judgment against the Jones Defendants, the former mortgagors. Plaintiff seeks a deficiency judgment in the full amount of the mortgage, plus interest and late charges, plus costs for filing this action and service costs. Such an award has no basis in law, especially after a foreclosure sale in which the mortgagee purchases the property for a nominal fee:

> Whatever the reason for the nominal bid, one thing is clear beyond question: the amount of a nominal bid is a meaningless number divorced from anything of substance. And so, for example, a mortgage holder who seeks a deficiency judgment is not entitled to the amount of the debt reduced only by the amount of the nominal bid. To the contrary, a deficiency judgment can properly be entered only for the amount of the debt reduced by the property's net value as delivered to the mortgage holder.

*Centennial Bank v. Roddenberry*, 892 F. Supp. 2d, 1317, 1320 (N.D. Fla. 2012) (citing *Skidmore v. Swift*, 323 U.S. 134, 140 (1944)); *see also F.D.I.C. v. Hy Kom Dev. Co.*, 603 So. 2d 59, 61 (Fla. 2d DCA 1992) (concluding that decision to execute a deficiency decree remains within discretion of court, and if exercised, courts should inquire into the fair market value of the property). Moreover, when this Court entered Final Default Judgment nearly two years ago, it retained jurisdiction for a period of one year to entertain motions for deficiency judgments. If Plaintiff wants such a judgment, it will have to file suit to obtain it—a suit in which, Plaintiff is reminded, it will be required to establish the propriety of such a judgment based on the property's value.

It is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Confirmation of Foreclosure Sale (Dkt. 30) is GRANTED in part and DENIED in part; the motion is granted to the extent it seeks confirmation of foreclosure sale and in all other respects denied.

2. The sale of the real property described herein is hereby CONFIRMED.

3. The Special Master shall convey to Plaintiff a Certificate of Title, which shall be recorded in the Public Records of Pinellas County, Florida.

4. Plaintiff is entitled to all rights attendant to ownership, to include the right of possession.

5. The Clerk is directed to close this case and terminate all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record